<u>NOT FOR PUBLICATION</u>

UNITED STATES BANKRUPTCYCOURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

|  |  |  |
|---|---|---|
| In re: | : | Chapter 7 |
|  | : |  |
|  | : | Case No. 05-30045 (cgm) |
| FIBER OPTEK INTERCONNECT, | : |  |
|  | : |  |
| Debtor. | : |  |
|  | : |  |

------------------------------------------------------------X

## MEMORANDUM DECISION ON MOTION
## FOR RELIEF FROM THE AUTOMATIC STAY

<u>A P P E A R A N C E S</u> :

Brian T. Belowich, Esq.
DelBello Donnellan Weingarten Tartaglia Wise
    & Wiederkehr, LLP
*Attorney for Movant, Fiber Consultants, Inc.*

Michael S. Pascazi
*Pro se*

Lawrence M. Klein, Esq.
Tarshis, Catania, Liberth, Mahon
    & Milligram, PLLC
*Attorney for Frank P. Zarzeka, Jr.*

Michael O'Leary
*Chapter 7 Trustee*

**CECELIA G. MORRIS**
**UNITED STATES BANKRUPTCY JUDGE**

On October 17, 2006, this Court heard argument on the motion (the "<u>Motion</u>") of Fiber

Consultants, Inc. ("<u>Consultants</u>") for relief from the automatic stay imposed by Section 362(a).

Consultants seeks relief from the stay for the limited purpose of permitting it to pursue its post-

judgment claim for attorneys' fees, costs and disbursements against non-debtor individuals

Michael S. Pascazi ("<u>Pascazi</u>" or "<u>Michael Pascazi</u>") and Frank P. Zarzeka, Jr. ("<u>Zarzeka</u>").

Consultants' motion was opposed by Pascazi and Zarzeka.  The Chapter 7 Trustee did not

oppose the Motion and stated at the October 17, 2006 that the estate would not take a position.

After hearing argument from Consultants, Pascazi and Zarzeka, the Court granted the Motion

and signed an order granting relief from the automatic stay.  At the time of the October 17, 2006

hearing the Court had not received Mr. Pascazi's written opposition (through no fault of Mr.

Pascazi).  The Court has now fully considered Mr. Pascazi's arguments and addresses them in

this memorandum opinion.  For the reasons set forth below, the Court concludes that the decision

to lift the automatic stay was proper.

## JURISDICTION

This Court has subject matter jurisdiction over this contested matter pursuant to 28

U.S.C. § 1334(a), 28 U.S.C. § 157(a) and the Standing Order of Reference signed by Acting

Chief Judge Robert J. Ward dated July 10, 1984.  Motion to terminate, annul, or modify the

automatic stay are "core proceedings" under 28 U.S.C. § 157(b)(2)(G).

## BACKGROUND

This case was commenced on February 16, 2005 as an involuntary Chapter 7 case

pursuant to 11 U.S.C. § 303, filed by Michael Pascazi, Kathleen M. Pascazi, and Enio J. Pascazi

as petitioning creditors.[1]  An order for relief was entered in the case on March 14, 2005, and

Michael O'Leary was appointed as the Chapter 7 Trustee.

Michael Pascazi is an officer, director, shareholder and creditor of the Debtor and was

designated, upon the Chapter 7 Trustee's motion, as a debtor pursuant to Bankruptcy Rule

---

[1]      Mr. Pascazi accuses Consultants of a "falsity" for claiming in paragraph 19 of its Motion that
"Fiber Optek filed an Involuntary Chapter 7 Bankruptcy".  The Court views the statement as merely an
inaccuracy.

9001(5)(A)[2] for the purposes of designating an individual to testify at the meeting of creditors and to complete the bankruptcy schedules and submit other information required by Bankruptcy Rule 1007.  Zarzeka is an officer, director, shareholder and creditor of the Debtor.

Consultants describes itself as a secured creditor of the Debtor.  Consultants entered into a contract with the Debtor dated February 23, 1998 by which Consultants would receive a ten-percent commission from the Debtor for work performed and materials supplied in connection with, among other things, a contract between the Debtor and an entity known as Neon Optica. Consultants performed labor and supplied materials to Neon Optica between October 1998 and February 2001.  In 2001, litigation ensued between Neon on one hand, and the Debtor, Pascazi and Zareka on the other hand.  The litigation was settled by payment from Neon Optica of $350,000 to the Debtor, and $625,000 each to Pascazi and Zarzaka.

On or about March 22, 2002, Consultants commenced an action in the Supreme Court of the State of New York, Dutchess County, to recover commissions earned for the labor and materials provided to Neon Optica.  Consultants alleged that the Debtor breached the contract, and that Pascazi and Zarzeka each misappropriated $625,000 in a scheme to defraud Consultants. The case was assigned to the Honorable James V. Brands.  Justice Brands granted Consultants' cross-motion for summary judgment on Consultants' third cause of action, for fraud, against Zarzeka and Pascazi, awarding judgment against each in the amount of $62,500 (ten percent of the amount misappropriated), together with costs and disbursements.  As for Consultants' eighth

---

[2]      Bankruptcy Rule 9001(5) states:

(5) "Debtor." When any act is required by these rules to be performed by a debtor or when it is necessary to compel attendance of a debtor for examination and the debtor is not a natural person: (A) <u>if the debtor is a corporation, "debtor" includes, if designated by the court, any or all of its officers, members of its board of directors or trustees or of a similar controlling body, a controlling stockholder or member, or any other person in control</u>; (B) if the debtor is a partnership, "debtor" includes any or all of its general partners or, if designated by the court, any other person in control.

(emphasis added).

cause of action, which seeks an award of attorneys' fees, Justice Brands ordered that to the extent

that this cause of action was applicable to Consultant's fraud claim, it was "severed, reserved and

continued." As discussed below, it is Consultants' eighth cause of action for attorneys' fees that

lead to the Motion before this Court.

Pascazi and Zarzeka appealed Justice Brands's decision. Zarzeka ultimately withdrew

his appeal. On February 22, 2005, the Appellate Division issued a decision and order dismissing

Pascazi's appeal as to Consultants' third and eighth causes of action. The Appellate Division

also noted that it was dismissing the Debtor's appeal "from so much of the order and

interlocutory judgment as granted the cross motion and is in favor of the plaintiff and against the

individual defendants is dismissed, as <u>it is not aggrieved by those portions of the order and

interlocutory judgment</u>[.]" (emphasis added) Pascazi's subsequent motions to reargue the

Appellate Division's decision, and for leave to appeal to the New York Court of Appeals were

denied.

On March 3, 2005, Justice Brands ordered the release to Consultants funds posted by

Pascazi as part of his appeal. In January 2006 Pascazi sought to vacate that order, and

Consultants cross-moved for leave to amend its eighth cause of action, which was originally

asserted only against the Debtor, so that Consultants could pursue its claim for attorneys' fees

against Pascazi and Zarzeka "notwithstanding the pending bankruptcy action involving [the

Debtor]." Motion, ¶23. By decision and order dated February 28, 2006, Justice Brands denied

Pascazi's motion and also Consultants' cross-motion for leave to amend the eighth cause of

action. Specifically, Justice Brands ordered that Consultants' "claim for counsel fees against the

individual defendants relevant to obtaining a $63,000 judgment against each of them, is denied.

<u>Without a lift of the bankruptcy stay this court cannot permit an amendment of the pleadings or</u>

any other action" (emphasis in original).[3]  In June 2006 Consultants sought reargument of Justice

Brands's February 28, 2006 order on the grounds that the denial should have been without

prejudice to Consultants' ability to renew its application after obtaining relief from the stay.  By

decision and order dated July 28, 2006, Justice Brands denied Consultants' motion to reargue but

stated in the course of that order: "Neither this decision and order, nor the decision and order of

February 28, 2006, intended to, or could, in any way preclude a proper motion to renew

following the determination of the bankruptcy proceeding."  Consultants' Motion in this Court

for relief from stay followed.


## DISCUSSION

Zarzeka's arguments at the October 17, 2006 hearing were easily addressed by the Court.

Zarzeka argued – apparently overlooking fact that Justice Brands refused to permit Consultants

to amend its complaint until obtaining relief from this Court – that the automatic stay did not

apply to Zarzeka at all because he was not a debtor. Zarzeka Objection at ¶3.  Zarzeka then

argues that the motion "is frivolous and is a substantial waste of this Court's time" and suggested

that: "If the movant needs relief, the proper place to seek it is in the State Court, wherein the

litigation is pending." Zarzeka Objection at ¶5.  Finally, Zarzeka argued that, notwithstanding his

other arguments, the motion should be denied because Zarzeka would be "greatly prejudiced" if

he is forced to return to state court for "needless litigation". Zarzeka Objection, ¶6-8.  The Court

does not believe that Consultants' Motion was frivolous, and it was made at the direction of

---

[3]        It appears that Consultants decided to amend its complaint to seek attorneys' fees against Pascazi
as a reaction to Pascazi's motion to vacate the March 3, 2005 order.  Although Justice Brands denied
Consultants' motion to amend in his February 28, 2006 order, he did award sanctions of $1,500 as counsel
fees to Consultants, finding that "Pascazi's application is wholly without merit in law, cannot be supported
by a reasonable argument for an extension, modification or reversal of existing law, was undertaken to
prolong the resolution of this litigation, or to harass plaintiff, and in fact asserts material factual statements
that are false…."

Justice Brands who indicated that the case would not proceed without leave of this court.

Although this Court finds that no estate interest will be implicated in the state court litigation,

Justice Brands and Consultants were wise to proceed with caution in a case that included a

debtor in bankruptcy as a named party.  Pascazi's arguments are more extensive and were not

fully articulated at the hearing.

Mr. Pascazi's objection refers to the Appellate Division's February 22, 2005 decision and

order, issued less than a week after the involuntary petition was filed, but prior to entry of the

order for relief.[4]  Mr. Pascazi claims the Appellate Division decision and order was filed, as

"void as violative of the bankruptcy stay." Pascazi Objection, ¶15.  The Appellate Division's

decision and order, which is annexed to Mr. Pascazi's memorandum of law, specifically states

that the Debtor was "not aggrieved by those portions of the order and interlocutory judgment"

that were on appeal.  Justice Brands later considered and rejected Mr. Pascazi's argument in his

February 28, 2006 decision and order, noting that the Appellate Division had denied his motion

to reargue and motion for leave to appeal to the Court of Appeals.  Mr. Pascazi further contends

that the Appellate Division's decision and order "dismissed the Debtor Fiber Optek's appeal and

ordered costs be assessed against the Debtor." Pascazi Objection, ¶19.  This is not entirely

accurate.  As noted above, the Appellate Division dismissed the Debtor's appeal "from so much

of the order and interlocutory judgment as granted the cross motion and is in favor of the

plaintiff and against the individual defendants" because the Debtor "was not aggrieved" by those

portions of the order and interlocutory judgment.  The Appellate Division modified a different

---

[4]      Title 11 U.S.C. § 362(a) states that an involuntary petition filed under Section 303 of the
Bankruptcy Code "operates as a stay, applicable to all entities" and prohibits, among other things,
"continuation …of a judicial…proceeding against the debtor that was or could have been commenced"
before the bankruptcy petition was filed. (emphasis added)  Bankruptcy Code Section 303(f) states that
until an order for relief has been entered in a bankruptcy case, "any business of the debtor may continue to
operate, and the debtor may continue to use, acquire or dispose of property as if an involuntary case
concerning the debtor had not been commenced."

provision of the order and interlocutory judgment by (1) deleting a provision that would have denied the motion to dismiss the fifth cause of action against the Debtor and Pascazi, and (2) inserting a provision that granted the motion to dismiss with leave to replead.  In other words, the Debtor and Pascazi were successful on this portion of their appeal, for which the Appellate Division ordered "one bill of costs to the plaintiff payable by the defendants Fiber Optek Interconnect Corp. and Michael S. Pascazi."

Pascazi argues in at least three places that Consultants "has not made an initial showing of cause to lift the bankruptcy stay." Pascazi Objection, ¶27, 32, 40.  The test for determining whether cause exists under Section 362(d)(1) to lift the automatic stay to permit the litigation to proceed in another forum is found in *In re Sonnax Indus., Inc.*, 907 F.2d 1280, 1286 (2d Cir. 1990).  *Sonnax* considered a motion by a party seeking to lift the stay so that it could continue prosecution of its state-court claim against the Debtor, including a motion for contempt against the Debtor for violation of a state-court injunction.  The Second Circuit acknowledged that other than for "lack of adequate protection," the meaning of "cause" in Section 362(d)(1) is not defined.  Judge Winter drew upon a Senate Report, discussion from the *Collier on Bankruptcy* treatise, and adopted 12 factors first used by the Bankruptcy Court for the District of Utah in a 1984 decision.[5]  The 12 "*Sonnax* factors" are:

1. whether relief would result in a partial or complete resolution of the issues;
2. lack of any connection with or interference with the bankruptcy case;
3. whether the other proceeding involves the debtor as a fiduciary;
4. whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;
5. whether the debtor's insurer has assumed full responsibility for defending it;
6. whether the action primarily involves third parties;

---

[5]     *In re Curtis*, 40 B.R. 795 (Bankr. D. Utah 1984).

7.   whether litigation in another forum would prejudice the interests of other creditors;

8.   whether the judgment claim arising from the other action is subject to equitable subordination;

9.   whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor;

10.  the interests of judicial economy and the expeditious and economical resolution of litigation;

11.  whether the parties are ready for trial in the other proceeding; and

12.  impact of the stay on the parties and the balance of harms.

Not all of the factors will be relevant in every case, and the ultimate determination as to whether to lift the stay depends upon the facts underlying a given motion.  *In re Bogdanovich*,  292 F.3d 104, 110 (2d Cir. 2002).

The Court first notes that the second and sixth factors apply because the litigation remaining in state court appears to have no connection with the bankruptcy case and primarily involves third parties.  Mr. Pascazi argues that "[t]he state court proceedings sought by Fiber Consultants involve the Debtor as a fiduciary," and that this contest "rightly belongs within the bankruptcy proceedings not in a plenary state court action." Pascazi Objection, ¶28, 31.  Mr. Pascazi's reasoning is that Consultants' state court claims are "explicitly founded upon, fraudulent conveyance, corporate veil piercing and alter ego liability theories" and "now belong to the Trustee in Bankruptcy because of the bankruptcy filing." Pascazi Objection, ¶41-46.  The Court disagrees.  Consultants does not seek to pursue alter ego or fraudulent transfer claims in state court.  Consultants succeeded on its fraudulent transfer claim against Pascazi prior to the bankruptcy filing and now only seeks to amend its complaint in state court to seek attorneys' fees, a right that belongs to Consultants under New York law as the prevailing party.  New York Debtor and Creditor Law § 276-a states in relevant part:

### § 276-a. Attorneys' fees in action or special proceeding to set aside a conveyance made with intent to defraud

In an action or special proceeding brought by a creditor … to set aside a conveyance by a debtor, where such conveyance is found to have been made by the debtor and received by the transferee with actual intent, as distinguished from intent presumed in law, to hinder, delay or defraud either present or future creditors, in which action or special proceeding the creditor … shall recover judgment, the justice or surrogate presiding at the trial shall fix the reasonable attorney's fees of the creditor … in such action or special proceeding, and the creditor … shall have judgment therefor against the debtor and the transferee who are defendants in addition to the other relief granted by the judgment.

Moreover, there is no possibility of litigation in two forums, as Pascazi argues. The state court legal fee dispute between two third parties, Pascazi and Consultants, arising from Pascazi's liability for an intentional fraudulent conveyance is not a core proceeding "arising under title 11 or arising in a case under title 11," and does not appear to be "otherwise related to a case under title 11." 28 U.S.C. § 157(b).

Mr. Pascazi contention that the state court proceedings involve the estate as a fiduciary is perhaps Mr. Pascazi's attempt to fit into the third *Sonnax* factor his belief that Consultants intends to assert fraudulent conveyance or alter ego claims that belong to the estate. The Court has ruled that Consultants' claims do not include estate claims. Even if the state court litigation did involve the estate as a fiduciary, this fact would probably not be availing to Mr. Pascazi. "Generally, proceedings in which the debtor is a fiduciary, or involving postpetition activities of the debtor, need not be stayed because they bear no relationship to the purpose of the automatic stay, which is protection of the debtor and his estate from his creditors." *In re Sonnax Indus.*, 907 F.2d at 1285-1286 (quoting S.Rep. No. 989, 95th Cong., 2d Sess. 52, reprinted in 1978 U.S.Code Cong. & Admin.News 5787, 5838).

The Court disagrees with Mr. Pascazi's claim that "[c]ontinued litigation in state court would prejudice the interests of other creditors." Pascazi Objection at ¶33. This objection is

apparently founded on a guaranty existing between the Debtor and Pascazi under which the

Debtor agreed to indemnify Pascazi for legal fees incurred in defense of the litigation with

Consultants. *See* Pascazi Objection, ¶29.  Pascazi argues: "To the extent that Pascazi and/or

Zarzeka pay more, less, or none of the legal fees sought by Fiber Consultants, such would have a

direct effect upon the assets available for distribution to creditors from the Fiber Optek

bankruptcy estate." Pascazi Objection, ¶35.  Mr. Pascazi refers the Court to the proof of claim

filed by Consultants for legal fees and states: "Fiber Consultants has not affirmed, in any place

that I have seen, that it is withdrawing or modifying its current bankruptcy claims in this case."

Pascazi Objection, ¶25.  Pascazi's argument is that to the extent Consultants obtains a judgment

for attorneys' fees from him, Mr. Pascazi would have a corresponding claim against the estate,

reducing the recoveries available to other unsecured creditors.  This argument is incorrect.  First,

Consultants states at two places in its proof of claim that the amount of its claim is "(subject to

credit for judgment collected)," meaning that for any amounts collected from Pascazi or Zarzeka,

Consultants will reduce its claim against the estate.  Counsel for Consultants confirmed this at

the October 17, 2006 hearing.  Thus, to the extent that Consultants recovers legal fees from Mr.

Pascazi, Consultants' claim in this case will be reduced, and Pascazi may[6] be entitled to be

subrogated to the rights of Consultants pursuant to Bankruptcy Code Section 509.

Pascazi argues that the state court's denial of Consultants' motion to amend the

complaint to pursue legal fees against him "has the affect [sic] of collateral estoppel." Pascazi

Objection at ¶7-9.  Consultants' motion to amend was denied because there was no stay relief,

and Justice Brands did not reach the merits of either the motion to amend or the request for legal

fees.  Justice Brands made that clear in his July 28, 2006 decision and order when he stated:

""Neither this decision and order, nor the decision and order of February 28, 2006, intended to,

---

[6]    The Court makes no determination at this time.

or could, in any way preclude a proper motion to renew following the determination of the bankruptcy proceeding." Notwithstanding denial of Consultants' motion, it does not appear that Consultants' motion to amend the complaint has ever been decided, and therefore, the doctrine of collateral estoppel does not apply.

Finally, Pascazi refers the court to the Declaration of Brian T. Belowich (the "Declaration"), submitted in support of the Motion. Mr. Pascazi argues that "certain of [Mr. Belowich's] purported factual assertions are based upon knowledge which is indirect; (from office files)" and "does not identify which factual assertions are hearsay and which are not." Pascazi Objection, ¶48-49. Mr. Pascazi argues that Consultants has failed "to place admissible facts before this court," "Attorney affidavits simply are not adequate," "Affidavits on any motion should be made only by those with first hand knowledge of the facts, not from items contained in a file" and argues: "Directors, officers or employees of Fiber Consultants undoubtedly have knowledge of facts germane to these proceedings. They, however, have not given any affidavits based upon their own personal knowledge." Pascazi Objection, ¶50-55. Mr. Belowich states at paragraph 2 of the Declaration that he is "fully familiar with the facts and circumstances of the within action, based upon my own personal knowledge and from a review of the files maintained by this office." Mr. Belowich's firm represented Consultants in the state court litigation. Virtually all of the facts recited in the Declaration are taken from various pleadings and court documents that are annexed as exhibits to the Declaration. All of the documents referenced by Mr. Belowich are matters of public record for which the Court can take judicial notice. Except as otherwise noted in this decision, Mr. Pascazi does not dispute the facts in the Declaration except to claim that some or all of the factual contentions could be hearsay.

## <u>CONCLUSION</u>

For the foregoing reasons, Consultants' Motion is granted, and the objections of Pascazi

and Zarzeka are denied.

Dated: Poughkeepsie, New York
        October 27, 2006                /s/ Cecelia Morris
                                    CECELIA G. MORRIS
                                    UNITED STATES BANKRUPTCY JUDGE